COOPER *vs.* HEADLEY and others.

H. applied to W. for loan of $1000. W. told him, if he would meet him on a certain day, with a bond and mortgage made out to one C., and would assign also to said C. a certain other bond and mortgage as collateral, he should have the money: they met, and W., telling H. that he had only $600, which he would pay him as soon as he could raise it, if he would deliver to him the bonds and mortgages; H. delivered the papers.

*Held*, that thereby H. made W. his agent to deliver them to C., and to receive the money from him.

*A. S. Pennington,* for complainant.

*C. S. Leport,* for defendants.

THE CHANCELLOR. The only question is, who must bear the loss occasioned by the dishonesty of William R. Winans? I think it is very clear that Winans must be regarded in the transaction as the agent of Headley, the defendant. He employed him, confided in him, and paid him for his services.

Cooper v. Headley.

The defendant applied to Winans, to borrow of the latter one thousand dollars. Winans finally told him, if he would meet him on a certain day, with a bond and mortgage prepared and made out to Richard P. Cooper, and would assign, also, to said Cooper a bond and mortgage of one Headley as collateral, he should have the money. They met. Then Winans told him he had only six hundred dollars, which he would pay him as soon as he could raise it, if the defendants would deliver to him the bonds and mortgages. The defendant consented, and delivered him the papers. By the delivery of these papers to Winans, the defendant made him his agent to deliver them to Cooper, and to receive the money from him. He did receive the one thousand dollars from Cooper, and delivered him the papers. It does not appear when the money was paid by Cooper to Winans, whether before or after the papers were received from Cooper; nor do I think it is material.

Again, the defendant paid him fifty dollars for his services in making the loan. This fact is inconsistent with the statement in the answer, that he thought the money was Winans'. There is enough in the account which he gives in his answer of his settlement with Winans to show that he understood he was not dealing with him as the principal who made the loan. He understood perperfectly well that Winans borrowed the money for him, and it was for his services as his agent in doing so that he remunerated him. The defendant insists that Winans was Cooper's agent. It is certainly very extraordinary, if the defendant so regarded him, he should have paid the agent of Cooper for the services rendered.

The complainant is entitled to a decree, and to be charged with the interest only which he actually received. The defendant had no authority to pay the interest to Winans.